### 7376. WILLIAMS *et al. v.* CLARK.

.1. On the trial of an action on a due-bill payable to the plaintiff, which the defendants contended was for money due to the plaintiff's husband and not to herself, the court did not err in excluding testimony offered by the defendants to show that the husband requested that the due-bill be made payable to her for the purpose of preventing a certain creditor of himself from collecting the debt by garnishment.

2. The evidence authorized the verdict for the plaintiff, and the trial judge did not err in overruling the motion for a new trial.

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Hazlehurst—J. Mark Wilcox, judge pro hac vice. March 20, 1916.

*John Rogers Jr.,* for plaintiffs in error.

HODGES, J. 1. Mrs. Clark sued Eugene & R. B. Williams upon a certain due-bill. The defendants filed a plea admitting the execution of the due-bill, but contended that they were not indebted to Mrs. Clark; that the due-bill was made payable to her by reason of an understanding with her husband, as it was to him they were due the money, and that certain amounts for which he was liable to the defendants were to be placed as credits upon the due-bill; that they never owed Mrs. Clark anything, and never received anything of value from her in consideration of the due-bill; that it was executed to her at her husband's request so that the debt could not be reached by garnishment by creditors of himself, and it was not intended that it should be used for any other purpose than as a protection to himself from his creditors. On the trial of the case the court refused to allow the defendants to testify that at the time of the making of the due-bill Clark came to them and requested that it be made to Mrs. Clark, for the reason that a certain bank wanted to garnish the sum due him by the defendants, and he wanted to be protected from garnishment by the bank. The court did not err in refusing to admit such testimony. The defense hinged upon the question of whether or not this was really a debt to Mrs. Clark, and the contention was

made that the transaction was a "sham." Such a defense will not stand in law. If there was a fraud, the defendants were parties to the fraud; and, being in pari delicto, the law will leave them where it finds them.

- 2. The evidence authorized the verdict for the plaintiff, and there was no error that required a new trial.

*Judgment affirmed.*